SUMMARY ORDER

Petitioner Tuosheng Tang, a native and citizen of the People’s Republic of China, seeks review of the May 7, 2008 order of the BIA denying his motion to reopen. In re Tuosheng Tang, No. A78 731 610 (B.I.A. May 7, 2008). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court’s admonition that such motions are “disfavored.” Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006) (citing I.N.S. v. Doherty, 502 U.S. 314, 322-23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). An alien seeking to reopen proceedings must file a motion to reopen within 90 days of the issuance of a final administrative order of removal. See 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal “based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding.” 8 U.S.C. § 1229a(c)(7)(C)(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii). Here, it is undisputed that Tang’s March 2007 motion was untimely where the BIA issued a final order of removal in September 2003. Moreover, the BIA properly found that Tang’s motion did not qualify for an exception to the time limitation. See 8 C.F.R. § 1003.2(c)(3)(ii).
Insofar as Tang rests his motion on his intent to have another child with his wife, such intent does not constitute new facts or evidence necessary for a timely motion to reopen, much less a demonstration of changed country conditions required for an untimely motion to reopen. See Yuen Jin v. Mukasey, 538 F.3d 143, 160 (2d Cir.2008). We also find unconvincing Tang’s argument that the BIA gave only cursory treatment to the 2002 “Population and Family Planning Regulation of Fujian Province” (“2002 Regulation”). The BIA *776 evaluated the 2002 Regulation. That regulation expressly provides that couples like Tang and his wife, who live in a rural household with only one daughter, may apply for permission to give birth to a second child. Thus, the BIA properly determined that the 2002 Regulation, standing alone, did not suggest that Tang was prima facie eligible for relief. See Poradisova v. Gonzales, 420 F.3d 70, 81 (2d Cir.2005). Moreover, because Tang failed to set forth any argument challenging the BIA’s finding that he was not prima facie eligible for asylum, and because addressing this claim does not appear to be necessary to avoid manifest injustice, we deem this claim waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1 (2d Cir.2005).
As for the other evidence of changed country conditions Tang submitted, the record reflects that the BIA reasonably considered that evidence in making its findings. See Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (the BIA need not “ ‘expressly parse or refute on the record’ each individual argument or piece of evidence offered”) (citation omitted). Under these circumstances, and because Tang has not identified any significant documents that the BIA did not consider, the BIA did not err in finding that Tang failed to demonstrate changed country conditions sufficient to excuse the untimeliness of his motion to reopen. Finally, we lack jurisdiction over Tang’s challenge to the BIA’s decision not to reopen his proceedings sua sponte because that decision was “entirely discretionary.” Azmond Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006); 8 C.F.R. § 1003.2(a).
For the foregoing reasons, the petition for review is DENIED. Any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).